UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cr-0093-SEB-TAB-1 |
| | ) | |
| STEVEN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 12, 2015, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on November 20, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 20, 2015, defendant Steven Smith appeared in person with his appointed counsel, William Dazey. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ross Carothers, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged. Mr. Smith waived further reading of the Petition.

3.      The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Smith was advised of the rights he would have at a preliminary hearing.  Mr. Smith stated that he wished to waive his right to a preliminary hearing.

4.      Mr. Smith stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Smith executed a written waiver of the preliminary hearing, which the court accepted.

5.      The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6.      Mr. Smith, by counsel, stipulated that he committed Violation Numbers  1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

A urine sample collected from the offender on September 22, 2015 was positive for amphetamines and marijuana.  The offender denied illicit drug use at the time of collection.  The sample was sent to an additional laboratory for additional testing and confirmed positive for methamphetamines and marijuana.  A urine sample collected on October 6, 2015, was negative for illicit substances.

A urine sample collected on November 2, 2015, was positive for amphetamines and opiates.  The offender denied illicit drug use at the time of collection.  Results of confirmation tests are pending.

| | |
|---|---|
| 2 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

On September 10, 2015, the probation officer mailed a letter to the offender instructing him to schedule a substance abuse evaluation with the Volunteers of America (VOA) within three days of receipt of the letter.  The probation officer met with Mr. Smith on September 22, 2015, and the offender confirmed receiving the letter; he also stated he left a message the preceding day with VOA staff.  The probation officer met with offender again on November 2, 2015, and he had not yet scheduled the evaluation.

7.     The Court placed Mr. Smith under oath and directly inquired of Mr. Smith whether he admitted violations 1, and 2, of his supervised release set forth above.  Mr. Smith admitted the violations as set forth above.

8.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Smith's criminal history category is VI.

      (c)    The range of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, is 21 -24 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

10.    The parties jointly recommended to the Court a modification to Mr. Smith's conditions of supervised release to include residing at a Residential Reentry Center for a period of up to twelve (12) months.  Mr. Smith is to taken into immediate custody pending designation by the Federal Bureau of Prisons.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, STEPHEN SMITH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include the following:

1. Reside at the Volunteers of America for a period of up to twelve (12) months;

2. The defendant shall not leave the judicial district without the permission of the court or probation officer.  **Justification:** This condition is an administrative requirement of supervision;

3. The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.   **Justification:** This condition is an administrative requirement of supervision;

4. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

   **Justification:** This condition will aid in the collection of financial obligations, reduce the risk of recidivism, and provide for defendant rehabilitation;

5. The defendant shall notify the probation officer prior to any change in residence or employment. **Justification:** This condition will assist the probation officer in monitoring the defendant for protection of the community;

6. The defendant shall not meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity, or whom the defendant knows to have been convicted of a felon, unless granted permission to do so by the probation officer. **Justification:** This condition is aimed at reducing the risk of recidivism and providing for public safety;

7. The defendant shall permit a probation officer to visit him at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer. **Justification:** This condition will assist the probation officer in monitoring the defendant for protection of the community;

8. The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact. . **Justification:** This condition will assist the probation officer in monitoring the defendant for protection of the community;

9. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission the court. . **Justification:** This condition will assist the probation officer in monitoring the defendant for protection of the community;

10. As directed by the probation officer, the defendant shall notify third parties of the nature of the defendant's current offense conduct and conviction and shall

permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement. **Justification:** This conditions will reduce the risk to the community posed by the offense of the conviction, as well as the defendant's personal history and characteristics;

11.  The defendant shall pay any fine that is imposed and remains unpaid at the commencement of supervised release. **Justification:** The offender still owes outstanding financial obligations. These conditions will ensure those obligations are met to the best of the defendant's ability;

12.  The defendant shall provide the probation officer access to any requested financial information. **Justification:** The offender still owes outstanding financial obligations. These conditions will ensure those obligations are met to the best of the defendant's ability;

13.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer. **Justification:** The offender still owes outstanding financial obligations. These conditions will ensure those obligations are met to the best of the defendant's ability;

14.  The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of al intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay. **Justification:** The offender tested positive for illegal drugs while on supervision. **This**

6

condition will allow him to address addiction issues and allow the probation officer to gauge the offender's efforts;

15.  The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including computer systems and Internet-enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant.  Other law enforcement may assist as necessary.  The defendant shall submit to the seizure o any contraband that is found, and should forewarn other occupants or users that the property may be subject to being search.  **Justification:**  The defendant has been in passion of drugs as evidenced by his positive drug tests and has a history of carrying firearms and illicit drug use.  This condition will aid the probation officer in enforcing the conditions ordered by the Court;

16.  All other terms of supervised release to remain pending the district court's action on this Report and Recommendation; and

17.  Mr. Jackson is be placed in immediate custody pending designation by the Federal Bureau of Prisions.

Counsel for the parties and Mr. Smtih stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Smith's supervised release to include the above listed modifications with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation.   Mr. Smith is to be taken into immediate custody pending designation by the Federal Bureau of Prisons.

IT IS SO RECOMMENDED.

Date: 11/30/15 _____

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal