UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:06-cr-0093-SEB-TAB-1 |
| STEVEN SMITH, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 21, 2016, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on February 11, 2016. Defendant Smith appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Doris Pryor, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Smith of his rights and ensured he was provided a copy of the petition. Defendant Smith waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Smith admitted violations 6, and 7. [Docket No. 14.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled** |

> **substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**
>
> As previously reported to the Court, a urine sample collected from the offender on September 22, 2015, was positive for amphetamines and marijuana. The offender denied illicit drug use at the time of collection. The sample was sent to an additional laboratory for additional testing and confirmed positive for methamphetamines and marijuana.
>
> A urine sample collected on November 2, 2015, was positive for amphetamines and opiates. The offender denied illicit drug use at the time of collection. The sample was sent to an additional laboratory for additional testing and confirmed positive for methamphetamines.

7   **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

> As previously reported to the Court, on September 10, 2015, the probation officer mailed a letter to the offender instructing him to schedule a substance abuse evaluation with the Volunteers of America (VOA) within three days of receipt of the letter. The probation officer met with Mr. Smith on September 22, 2015, and the offender confirmed receiving the letter; he also stated he left a message the preceding day with VOA staff. The probation officer met with Mr. Smith again on November 2, 2015, and he had not yet scheduled the evaluation.

4. The Government orally moved to dismiss violations 1 through 5 and the Court granted the same.

5. The parties stipulated that:

    (a)   The highest grade of violation is a Grade B violation.

    (b)   Defendant's criminal history category is VI.

    (c)   The range of imprisonment applicable upon revocation of supervised release is 21 to 24 months' imprisonment.

6. The parties jointly recommended a sentence of 21 months in the Federal Bureau of Prisons with no supervised release to follow. Defendant requested that the time he was housed at the Henderson County Detention from November 19, 2015 through January 6, 2016

count as credit time towards his new sentence. Defendant also requested a recommendation of placement at FCI Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and recommends that Defendant's supervised release should be **REVOKED**, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 21 months with no supervised release to follow.

The Magistrate Judge further recommends that the Federal Bureau of Prisons be advised that Defendant was incarcerated at the Henderson County Detention from November 19, 2015 through January 6, 2016, while awaiting a hearing for the conduct that is the subject of Violation Nos. 6 and 7 as set forth above; accordingly, the Court believes that period of incarceration should count as credit time toward the 21 month sentence set forth herein.

The Magistrate Judge further recommends to the Federal Bureau of Prisons, but does not order, that Defendant be placed at FCI Terre Haute to serve the sentence set forth herein.

The Defendant was taken into custody at the conclusion of the hearing pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge in compliance with Fed. R. Crim. P. 59(b).

Dated:  25 MAR 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal